ANNA IVERSON, Respondent, v. MARY E. C. McDONALD, Appellant.

(191 N. W. 1013.)

**Vendor and purchaser — evidence held sufficient to sustain judgment of recovery of purchase price for the lot on the ground of misrepresentation.**

In an action to recover back money advanced toward the purchase of a certain lot and to impress a lien therefor, the evidence is examined and it is *held:*

Plaintiff has sustained the burden of proving misrepresentation or concealment of fact in regard to what was included in the legal description of the lot.

Opinion filed February 1, 1923.

Vendor and Purchaser, 39 Cyc. p. 2067 n. 94.

Appeal from the District Court of Pierce County, North Dakota, *Buttz,* J.

Affirmed.

*Funke, Campbell & Eide,* for appellant.

The apparent mutual assent of the parties essential to the formation of a contract, must be gathered from the language employed by them, and the law imputes to a person an intention corresponding to the reasonable meaning of his words and acts. It judges of his intention by his outward expressions and excludes all questions in regard to his unexpressed intentions. If his words or acts, judged by a reasonable standard, manifest an intention to agree in regard to the matter in question, that agreement is established, and it is immaterial what may be the real but unexpressed state of mind on the subject. 13 C. J.

265, 369, 373, 611, ¶¶ 49, 248, 255, 656.  See Comp. Laws, §§ 5853, 5854, 5857.

*Harold B. Nelson,* for respondent.

Misrepresentation as to the location and boundary of land entitles a person relying on statements with reference thereto to recover the price.  Wilson v. Robinson, 155 Pac. 732; George v. Kurdy, 158 Pac. 965; Crane v. Reutschaler, 98 Atl. 671; Cody v. Rainwater, 196 S. W. 125; James v. Olive Street, 196 S. W. 81; Tracy v. Smith, 165 Pac. 535; Schlandcraff v. Wortham, 167 N. W. 118; Ellison v. Stockton, 170 N. W. 435; Kramer v. Lewis, 163 N. W. 732.

"If minds of parties executing option contract fail to meet upon question of amount of land to be conveyed, plaintiff could recover from defendant amount paid thereunder." Tyng v. Constant Lorraine Invest. Co. 165 Pac. 509.

Vendors and their agents are held guilty of misrepresentation, if, without literal misstatement of fact, they knowingly created false impressions.  Twin Lake etc. v. Dahner, 155 C. C. A. 175, 242 Fed. 399; Cornish v. Suitor, 189 Pac. 487; Bell v. Kyle, 192 Pac. 512.

One who is induced to purchase land by fraud is entitled to recover money paid thereon not only from the persons to whom it was paid, but from others who receive it and into whose hands it can be traced.  Valley Bank v. Jasten, 161 Pac. 876; Burton v. Ryther, 161 N. W. 350; McMahon v. Plumb, 96 Atl. 958; Becthold v. King, 158 N. W. 910.

BIRDZELL, J.  This is an appeal from a judgment in favor of the plaintiff in an action to recover a certain payment made by the plaintiff to apply on the purchase price of a house and lot.  The contract is alleged to have been rescinded on account of certain misrepresentations inducing it.  The defendant Mary E. C. McDonald was the owner of lot 12 in block 4, Sikes second addition to the city of Rugby.  Upon this lot there was a small house facing south.  About 11 inches from the east side of the house a narrow walk leads to the back door.  This walk joined the main walk leading from the street to the front door of the house.  Immediately east of this walk leading to the back door was a row of shade trees and east of the shade trees a driveway leading to a garage situated at the rear of the adjoining premises.  The adjoining premises were likewise owned by the defendant.  She had listed this

small property for sale with one Ole Berdahl, and in the early part of October 1920, he interested the plaintiff in the purchase. The plaintiff was a widow and relied somewhat for advice upon her cousin, one Oscar Bakke, who had lived with her a portion of the time since the death of her husband. When the plaintiff became interested in the purchase Bakke, in company with Berdahl, went to view the premises and upon this visit gained the impression that the trees and the sidewalk to the east of the house were upon the lot in question. In fact, he testified that the trees and the walk were pointed out to him as part of the premises. Following Bakke's visit to the premises with Berdahl, the plaintiff and Bakke went to view the premises, and following her visit the McDonalds called on her to talk over the deal.

On October 11th, 1920, plaintiff and defendant executed an agreement whereby in consideration of a $200 check, dated October 16th, the defendant gave to the plaintiff an option to purchase the property described as "Lots numbered 12 in block numbered 4 in Sikes second addition to the city of Rugby," the option to expire on November 11th, the plaintiff agreeing to pay $1,050 additional cash as full payment of the purchase price. Plaintiff later, upon learning that the eastern boundary of the lot did not include the walk and trees, refused to exercise her option or to carry out her contract, and subsequently this action was brought for the recovery of the money previously paid and to impress the premises with a lien therefor.

Upon this appeal the only question presented is as to the correctness of the findings of fact. Various arguments are adduced from the record tending to show that the defendant was not aware of any misrepresentations as to description of the property, if any were made by Berdahl; that Berdahl, in fact, did not misrepresent the description or condition of the property; that the purchaser was content to buy according to the description set forth in the option contract without taking any pains to apply it to the premises viewed in order to determine where the east line ran. From such arguments the conclusion is sought to be drawn that nothing more than a unilateral mistake was shown—one which would not entitle the plaintiff to rescind. Upon a careful examination of the record, however, we are of the opinion that the plaintiff has sustained the burden of showing that the contract was induced by actual misrepresentation or concealment of fact as to what was included in the

description. The physical appearance of the premises, with the walk branching off the main approach and leading to the back door of the house along the east side thereof, would naturally induce one to believe that it belonged to the premises. The defendant's husband so testified in substance. The house was so situated in fact with reference to the lot, that access to the rear door could not be attained without trespassing upon the adjoining property. In the light of this physical appearance any direct statement whatsoever concerning sidewalk and trees would naturally tend to induce the belief that they belonged to the premises in question. Not only does it appear in this record that the plaintiff was so induced to believe, but it also appears that the defendant's husband and agent was solicitous lest she should have such an impression; for upon more than one occasion it was suggested that she go again to the premises so that the lines might be pointed out to her. But neither the defendant, nor any agent representing her suggested at any time that the east line cut off the approach to the rear door. The plaintiff discovered this from extraneous sources. Upon this record the judgment appears to us to be right and it is affirmed.

BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, and NUESSLE, JJ., concur.